**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49026**

| | | |
|---|---|---|
| In the Matter of: Jane Doe I and Jane Doe II, Children Under Eighteen Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | |
| | ) | Filed: November 12, 2021 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| JANE DOE (2021-33), | ) | BE CITED AS AUTHORITY |
| | ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie R. Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Aaron Bazzoli, Canyon County Public Defender; Scott J. Davis, Deputy Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Teri A. Whilden, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Jane Doe appeals from the judgment terminating her parental rights to her minor child. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arose after Doe's two children were declared in imminent danger by law enforcement as they had no one able to care for them. Doe had been unable to provide housing for her children and left them with their grandfather. After Doe failed to pick up the children, their grandfather notified the Idaho Department of Health and Welfare (the Department) that Doe left the children with him. This event, coupled with previous referrals for concerns of neglect

1

and substance abuse, led law enforcement to declare the children in imminent danger and place them in the custody of the Department.

Doe was provided a case plan to assist with reunification. As part of the case plan, Doe was required to complete mental health treatment, substance abuse treatment, and a parenting class; provide proof of sufficient financial resources; secure stable housing; and attend supervised visitation with the children. While Doe attended some supervised visits with the children, she struggled to complete other tasks, including completing mental health and substance abuse treatment. After Doe failed to make substantial progress on the case plan over the course of twenty-four months, the Department filed a petition to terminate her parental rights and a termination hearing was held.

After the hearing, the magistrate court terminated Doe's parental rights. The magistrate court found that Doe neglected her children by failing to complete the case plan over the course of twenty-four months while the children were in the custody of the Department, and that termination of Doe's parental rights is in the best interests of the children. Doe timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

2

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe argues that the magistrate court erred in terminating her parental rights. Specifically, Doe argues that the magistrate court's finding of neglect was improper because it was impossible for her to complete the mental health and substance abuse treatment required by her case plan due to a lack of transportation, phone issues, and the COVID-19 pandemic. Doe also argues that the magistrate court's finding that termination of her parental rights is in the best interests of the children ignored relevant factors, such as the uncontroverted testimony that she attempted to work with the Department, had a bond with the children, and had found and maintained housing for a year. We address each of these contentions below.

Statutory grounds for termination of parental rights include: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) inability to discharge parental responsibilities for a prolonged period, which will be injurious to the health, morals, or well-being of the child; or (e) incarceration for a substantial period of time during the child's minority. I.C. § 16-2005. Upon finding a statutory ground for termination, the court must also find that it is in the best interests of the child to terminate the parent-child relationship. I.C. § 16-2005(1). Both findings must be established by clear and convincing evidence.

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

In terminating Doe's parental rights, the magistrate court found that Doe neglected her children by failing to complete her case plan while the Department maintained custody of the children for fifteen of the most recent twenty-two months. The magistrate court noted that Doe attended some visits with the children and established stable housing, but found that Doe failed to complete mental health and substance abuse treatment. Doe also continued to accumulate criminal charges related to substance abuse and either tested positive for methamphetamine or failed to submit to drug testing throughout the case.

Doe argues that the magistrate court erred in its finding of neglect because it was impossible for her to complete her case plan. Impossibility may be asserted as a defense to a claim of neglect founded upon failure to comply with a case plan, but only if the parent is not responsible, directly or indirectly, for non-compliance with the requirements of a case plan. *Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 596, 600, 389 P.3d 141, 145 (2016). Doe asserts that her failure to complete mental health and substance abuse treatment was due to the COVID-19 pandemic, her failure to procure adequate transportation, phone issues, and the Department's failure to adequately assist her with claimed barriers to completing the required tasks.

While the COVID-19 pandemic and Doe's difficulties in finding transportation may have been obstacles in completing her case plan, the record indicates that they did not make completion of her case plan impossible. Doe does not specify exactly how the COVID-19 pandemic impacted her ability to attend mental health and substance abuse treatment in-person or through telehealth services offered during the pandemic. The record indicates that she was able to attend some visits with her children, meaning transportation was possible in many instances. Doe provides no specifics as to how phone issues impacted her obligations under the

4

case plan. Although Doe asserts that her failure to complete the case plan was due to the Department's lack of reasonable efforts to assist her, the efforts of the Department at reunification are not relevant on appeal of the termination of parental rights. *Matter of Doe I*, 164 Idaho 883, 888, 436 P.3d 1232, 1237 (2019). Nonetheless, the record reflects numerous efforts by the Department to assist with transportation and provide other resources.

Despite Doe's claim that completion of her case plan was impossible, it is clear from the record that her failure to complete her case plan was largely due to her continued substance abuse rather than any of the obstacles she points out. Doe continued to test positive for methamphetamine during the pendency of the case which precluded her entry into parenting classes. The magistrate court found that Doe's difficulties were largely due to her continued substance abuse and failure to put forth the effort needed. The magistrate court's findings are supported by substantial and competent evidence in the record. The magistrate court did not err in finding that Doe neglected the children by failing to complete her case plan largely through her own direct or indirect non-compliance.

Doe next argues that the magistrate court's finding that termination of her parental rights is in the best interests of the children ignored the uncontroverted testimony that she attempted to work with the Department, had a bond with the children, and had found and maintained housing for a year. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

In finding that termination is in the best interests of the children, the magistrate court noted that Doe loves the children, but nevertheless found that Doe's failure to complete mental health and substance abuse treatment, coupled with the improvement of the children in foster

5

care, established that termination is in the best interests of the children. These findings are supported by substantial and competent evidence in the record and are based upon objective grounds. Therefore, the magistrate court did not err in finding that termination is in the best interests of the children.

## IV.
## CONCLUSION

There is substantial and competent evidence to support the magistrate court's findings and conclusions that Doe neglected her children, and that termination is in the best interests of the children. Therefore, we affirm the magistrate court's judgment terminating Doe's parental rights.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.